**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Kretsch, et al., | No. CV-23-00411-PHX-ROS |
| Plaintiffs, | **ORDER** |
| v. | |
| John Barton, et al., | |
| Defendants. | |

Plaintiff filed a motion for default judgment against Defendants John Barton and Susan Barton (sued as "Jane Doe Barton"), a married couple. (Doc. 22, "Mot."). Defendants have not filed a response. As set forth below, the Court will grant the motion in part and deny the motion in part and direct entry of default judgment against Defendants in the amount of $1,099,678.63.

**BACKGROUND**

Plaintiff filed this action alleging Defendant John Barton, among other offenses, defrauded her into making several investments between 2010 and 2012 in conjunction with Defendant's agent/employee, Guy Newman. (*See* Doc. 11). On March 6, 2024, the Court dismissed Plaintiff's complaint primarily because Plaintiff failed to demonstrate the discovery rule applies to render her claims within the statutes of limitation. (Doc. 15). Plaintiff filed an Amended Complaint on March 20, 2024. (Doc. 16, "Compl."). On April 23, 2024, the Court granted Defendants' counsel's motion to withdraw and ordered Defendants to answer or otherwise respond to the amended complaint by May 3, 2024.

(Doc. 18). Defendants did not do so. On May 10, 2024, Plaintiff applied for entry of default against Defendants. (Doc. 20). The Clerk entered default against Defendants on May 14, 2024. (Doc. 21). Plaintiff then filed the present motion for default judgment against Defendants.

## JURISDICTION

When a party seeks default judgment "against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999). The Court has diversity jurisdiction over this action because it is between citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. The Court also has personal jurisdiction over Defendants. Plaintiff's claims arise from Defendant's alleged conduct purposefully directed into Arizona. (Compl. at ¶¶ 1-8).

## DEFAULT JUDGMENT

Once default is entered, the Court may enter default judgment under Rule 55(b). Deciding to grant default judgment is discretionary and the Court must consider: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the amount in controversy; (5) the possibility of factual dispute; (6) whether the default was due to excusable neglect; and (7) the strong preference to decide cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986).

### I. Factor (1): Prejudice to Plaintiff

Plaintiff argues if default judgment is not entered, she "would be without other recourse for recovery" to which she is entitled. (Mot. at 5). It is true that without a judgment, Plaintiff has no obvious alternative recourse. This factor weighs in favor of default judgment. *See Zekelman Indus. Inc. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, *3 (D. Ariz. Mar. 27, 2020).

### II. Factors (2) and (3): Merits of the Claim and Sufficiency of the Complaint

The second and third *Eitel* factors, taken together, require courts to consider whether a plaintiff has stated a claim on which they may recover. *See PepsiCo, Inc. v. Cal. Sec.*

*Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002); *Danning v. Lavine*, 572 F.2d 1386, 1388–89 (9th Cir. 1978). "Of all the *Eitel* factors, courts often consider the second and third factors to be the most important." *Trident Invest. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826, *3 (D. Ariz. Jan. 8, 2021) (quoting *Vietnam Reform Party v. Viet Tan-Vietnam Reform Party*, 416 F. Supp. 3d 948, 962 (N.D. Cal. 2019)). In considering these factors, the complaint's factual allegations are taken as true, but the plaintiff must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). For the reasons below, these factors weigh in favor of default judgment on Plaintiff's claims for Arizona securities fraud, negligent misrepresentation, control person liability, fraud, and aiding and abetting fraud.

      A.     *Arizona Securities Fraud (Count I)*

Plaintiff asserts Defendant violated A.R.S. § 44-1991(A)(1) and (A)(2) in connection with her investments in Creative Learning Corporation and Spectrum Resources Corporation. A.R.S. § 44-1991(A)(1) prohibits anyone from employing "any device, scheme, or artifice to defraud" in connection with a securities transaction, while A.R.S. § 44-1991(A)(2) prohibits making "any untrue statement of material fact" or omitting "any material fact necessary" to make a statement "not misleading."

To successfully state a § 1991(A) claim, a plaintiff "must set forth facts indicating that each defendant either made, participated in, or induced the security transaction at issue." *Allstate Life Ins. Co. v. Robert W. Baird & Co.*, 756 F. Supp. 2d 1113, 1157 (D. Ariz. 2010) (citing A.R.S. § 44-2001(A)). And a plaintiff bringing an action under § 44-1991(A)(1) must "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind"—knowingly or recklessly—in each alleged act or omission and "specify each alleged untrue statement or material omission and the reason or reasons why the statement or omission is misleading or the omission is material." A.R.S. § 44-2082; *see also Allstate*, 756 F. Supp. 2d at 1159 ("For claims arising under § 1991(A)(1), a claimant must allege the requisite state of mind with particularity."); *Facciola v. Greenberg Traurig, LLP*, 781 F. Supp. 2d 913, 921-22 (D. Ariz. 2011) (denying

motion to dismiss on scienter grounds where the plaintiffs sufficiently alleged the defendants "acted knowingly or recklessly"). Further, "if an allegation regarding the statement or omission is made on information and belief, the complaint shall state with particularity all facts on which that belief is formed." *Id.*

Plaintiff has sufficiently alleged a claim for violations of Arizona securities fraud. She alleges Defendant "knowingly or recklessly" made material misrepresentations and omissions. Defendant allegedly materially omitted (1) he, his family, and associates would receive 2,450,000 shares for $0 in capital investment (Compl. ¶ 174), (2) he had been removed from the Rockdale Board of Directors when soliciting Plaintiff's investment in Spectrum (*Id.* ¶ 175), (3) the investment in Spectrum was "extremely risky and illiquid" (*Id.* ¶ 178), and (4) Defendant would be receiving 250,000 shares in exchange for $0 of capital investment (*Id.* ¶ 179). And he did so knowingly or recklessly. (*Id.* ¶ 166-185). Accepting Plaintiff's allegations as true, her allegations are sufficient to support a claim for Arizona securities fraud.

### B.  *Negligent Misrepresentation (Count II)*

Plaintiff asserts a claim for negligent misrepresentation against Defendant. The elements of negligent misrepresentation under Arizona law are:

> (1) the defendant provided false information in a business transaction; (2) the defendant intended for the plaintiff to rely on the incorrect information or knew that it reasonably would rely; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the plaintiff justifiably relied on the incorrect information; and (5) resulting damage.

*KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.*, 340 P.3d 405, 412 n.7 (Ariz. 2014). "A claim for negligent misrepresentation must meet the particularity requirements of Rule 9(b)." *Howard v. JPMorgan Chase Bank, N.A.*, No. CV12-0952-PHX-DGC, 2012 WL 6589330, at *2 (D. Ariz. Dec. 17, 2012)).

Plaintiff has sufficiently stated a claim for negligent misrepresentation. She alleges Defendant provided her false information regarding the true nature of the advice and

services he offered her so that Plaintiff would invest in Defendant's companies, which she did. (Compl. ¶¶ 186-191). Accepting Plaintiff's allegations as true, they are sufficient to support liability for negligent misrepresentation.

      C.      *Control Person Liability (Count III)*

Plaintiff asserts a claim for control person liability against Defendant. A.R.S. § 44-1999(B) imposes "presumptive control liability on those persons who have the power to directly or indirectly control the activities of those persons or entities liable as primary violators of §§ 44-1991 and 1992." *E. Vanguard Forex, Ltd. v. Arizona Corp. Comm'n*, 79 P.3d 86, 98–99 (Ariz. Ct. App. 2003) (interpreting "control" as the "legal power, either individually or as part of a control group, to control the activities of the primary violator").

Plaintiff has sufficiently stated a claim for control person liability under A.R.S. § 44-1999(B). She alleges each of Newman's acts were taken by Newman "on behalf of and at the direction of Defendant Barton as his agent." (Compl. ¶ 194). Additionally, she alleges "Defendant encouraged, directed, and/or enabled Newman's pattern of fraud and deceit and thus is also liable for Newman's actions under doctrines of *respondeat superior* and actual or apparent agency." (*Id.* ¶ 196). A FINRA arbitration panel found Newman liable for securities fraud, among several other claims. (*Id.* ¶¶ 106, 108). Accepting Plaintiff's allegations as true, they are sufficient to support a claim for control person liability.

      D.      *Constructive Fraud (Count IV)*

Plaintiff asserts a claim for constructive fraud against Defendant. In Arizona, the elements of constructive fraud are (1) a fiduciary or confidential relationship, (2) a breach of duty by the person in the confidential or fiduciary relationship, and (3) that the person in breach induced justifiable reliance by the other to his detriment. *Green v. Lisa Frank, Inc.*, 211 P.3d 16, 34 (Ariz. Ct. App. 2009).

Plaintiff has failed to state a claim for constructive fraud because she did not sufficiently plead facts showing Defendant owed her fiduciary duties. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations—such as "a fiduciary duty exists"—are "not entitled to be assumed true." *Id.* at 681. *See Lytikainen v. Schaffer's Bridal LLC*, 409 F. Supp. 3d 767, 778 (D. Ariz. 2019) ("[Plaintiff's] allegation that she had a 'trusting long-term business relationship' and 'friendship' with Defendants isn't enough to plausibly state that Defendants owed her a fiduciary duty."); *Cruz v. United States*, 219 F. Supp. 2d 1027, 1039 (N.D. Cal. 2002) ("[P]laintiffs have not pled facts that would give rise to a fiduciary relationship, and the Court need not accept their conclusory allegation that such a relationship existed.").

Plaintiff alleges "a relationship of trust and confidence existed between Plaintiff and Defendant as a result of the entrusting of power to Defendant, the superiority of position of Defendant, and the fiduciary relationship between business owner/direct, advisor (Defendant Barton's agent, Newman), and client." (Compl. ¶ 208). Further, "[a]s a result of the confidential and trust relationship, Plaintiff placed reliance on the trustworthiness of Defendant and the Defendant was under a duty to make full and truthful disclosure of all material facts." (*Id.* ¶ 209). These allegations are conclusory. Plaintiff fails to set forth specific facts giving rise to the parties' alleged "relationship of trust and confidence." The mere fact Defendant was the owner/board member of the companies Plaintiff invested in does not give rise to a fiduciary obligation because Plaintiff was not yet a shareholder in the companies at the time of Defendant's alleged fraudulent acts. *See Atkinson v. Marquart*, 541 P.2d 556, 558 (Ariz. 1975) ("[A] director of a corporation owes a fiduciary duty to the corporation and its stockholders."). Thus, Plaintiff's allegations are insufficient to support liability for constructive fraud.

### E. Civil Conspiracy (Count V)

Plaintiff asserts a claim for civil conspiracy against Defendant. "For a civil conspiracy to occur" under Arizona law, "two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Arizona Laborers, Teamsters & Cement Masons Loc. No. 395 Pension*

*Tr. Fund*, 38 P.3d 12, 36 (Ariz. 2002) (quoting *Baker v. Stewart Title & Trust of Phoenix*, 5 P.3d 249, 256 (Ariz. Ct. App. 2000)).  "When pleading a claim for civil conspiracy, a plaintiff must plead with particular specificity as to the manner in which a defendant joined in the conspiracy and how he participated in it." *Armstrong v. Reynolds*, 22 F.4th 1058, 1085 (9th Cir. 2022) (internal quotations omitted).

Plaintiff has failed to state a claim for civil conspiracy because, for the same reasons in Section D, *supra*, she did not sufficiently plead facts showing a fiduciary relationship—this time, with respect to Newman.  Plaintiff alleges Newman owed her a fiduciary duty as her financial and/or investment advisor. (Compl. ¶ 214).  Further, she relied on Newman's "trustworthiness and acumen in making financial decisions as he recommended" because "he was both a fellow franchisee and a registered representative of an investment banking firm."  (*Id.* ¶ 215) (citing *Stewart v. Phoenix Nat'l Bank*, 64 P.2d 101, 106 (Ariz. 1937) ("peculiar reliance in the trustworthiness of another" is required in finding a fiduciary duty)).

Again, these allegations are conclusory.  Plaintiff cites to caselaw describing the requirements for finding a fiduciary relationship, but she fails to plead specific facts giving rise to that relationship.  (*See id.* ¶ 216) ("Had Newman not been a fellow franchisee and registered representative of an investment banking firm, Ms. Kretsch would not have relied on his investment advice.  *Rhoads v. Harvey Pubs., Inc.*, 145 Ariz. 142, 148–49, 700 P.2d 840, 846–47 (App. 1984) (fiduciary relationship is a confidential relationship whose attributes include 'great intimacy, disclosure of secrets, [or] intrusting of power')."); *see also id.* ¶ 219 ("As he was directing Ms. Kretsch toward Defendant Barton's investments, Newman held a 'superiority of position' over her due to her inexperience. *Id*. (in a fiduciary relationship, fiduciary holds 'superiority of position' over beneficiary)."); *see also id.* ¶ 221 ("This course of conduct implicitly substituted Newman's will for that of Ms. Kretsch, creating a confidential relationship and imposing upon Newman a fiduciary duty to Ms. Kretsch.  *Herz & Lewis, Inc. v. Union Bank*, 22 Ariz. App. 437, 439, 528 P.2d 188, 190 (1974) (superiority of position may be demonstrated in material aspects of the transaction

at issue by a 'substitution of [the fiduciary's] will').").

Plaintiff does not proffer the necessary facts to show she placed "peculiar reliance in [Newman's] trustworthiness," *Stewart*, 64 P.2d at 106 (Ariz. 1937), instead of placing "mere trust in [Newman's] competence or integrity." *Standard Chartered PLC v. Price Waterhouse*, 945 P.2d 317, 335 (Ariz. Ct. App. 1996). She fails to show exactly how Newman's will was substituted for her own. *Herz & Lewis, Inc.*, 528 P.2d at 190 (Ariz. Ct. App. 1974). And she does not elucidate how her relationship with Newman involved "great intimacy, disclosure of secrets, [or] intrusting of power" *Rhoads v. Harvey Pubs., Inc.*, 700 P.2d at 846-47 (Ariz. Ct. App. 1984), as opposed to being a mere "arm's length relationship." *Standard Chartered PLC*, 945 P.2d at 335 (Ariz. Ct. App. 1996). Because Plaintiff failed to adequately plead the underlying tort of breach of fiduciary duty, her allegations are insufficient to support liability for civil conspiracy.

### F.     Fraud (Count VI)

Plaintiff asserts a claim for fraud against Defendant. Under Arizona law, to prevail on a common law fraud claim, a plaintiff must show:

> (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it should be acted upon by and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury.

*Duncan v. Pub. Storage, Inc.*, 253 Ariz. 15, 21, 507 P.3d 509, 515 (Ct. App. 2022).

Plaintiff has sufficiently stated a claim for common law fraud. She alleges Defendant knowingly made false statements of material fact to Plaintiff—who had the right to rely on them due to his position in the companies, in order to secure her investment in the companies—causing her damages. (Compl. ¶¶ 235-53). Accepting Plaintiff's allegations as true, they are sufficient to support liability for fraud.

### G.     Aiding and Abetting Tortious Conduct (Count VII)

Plaintiff asserts a claim for aiding and abetting tortious conduct against Defendant.

This count includes two separate aiding and abetting claims: (1) aiding and abetting breach of fiduciary duty and (2) aiding and abetting fraud. (*Id.* at ¶¶ 256-57). A claim for aiding and abetting tortious conduct under Arizona law requires: (1) the primary tortfeasor committed a tort causing injury to the plaintiff; (2) the defendant knew the primary tortfeasor breached a duty; (3) the defendant substantially assisted or encouraged the primary tortfeasor in breaching the duty; and (4) a causal relationship between the defendant's assistance or encouragement and the primary tortfeasor's breach. *Sec. Title Agency, Inc. v. Pope*, 200 P.3d 977, 988 (Ariz. Ct. App. 2008).

Plaintiff's claim for aiding and abetting breach of fiduciary duty fails for the same reasons discussed in Sections D and E, *supra*. However, Plaintiff has sufficiently stated a claim for aiding and abetting fraud. She alleges specific facts of Newman's fraudulent acts, Defendant knew of these fraudulent acts, and Defendant substantially assisted, encouraged, participated in, and/or directed Newman in causing the fraudulent acts to be committed. Thus, Plaintiff's allegations are sufficient to support liability for aiding and abetting fraud, but not aiding and abetting breach of fiduciary duty.

### III. Factor (4): Amount in Controversy

Returning to the *Eitel* factors, the next factor is the sum of money at stake. This factor requires the court to consider this amount in relation to the seriousness of Defendants' conduct. *PepsiCo*, 238 F. Supp. 2d at 1176. Plaintiff seeks $1,099,678.63 in damages, including pre-judgment interest. (Mot. at 1). The requested amount is reasonable and proportional to the complaint's allegations. This factor supports entering default judgment.

### IV. Factor (5): Dispute Concerning Material Facts

Defendants failed to respond to the factual allegations in Plaintiff's Second Amended Complaint. This factor supports default judgment.

### V. Factor (6): Excusable Neglect

There is no evidence in the record to suggest that Defendants' failure to answer was the result of excusable neglect. Defendants successfully moved to dismiss Plaintiff's First

1 Amended Complaint. However, after Plaintiff filed her Second Amended Complaint, Defendants inexcusably failed to answer or otherwise defend upon the withdrawal of their counsel. This factor supports default judgment.

### VI. Factor (7): Policy Favoring Judgment on the Merits

Of course, this factor generally weighs against default judgment. *See Zekelman Indus. Inc.*, 2020 WL 1495210, at *4.

### VII. Conclusion

The sum of the *Eitel* factors support entering default judgment in this case. The Court will grant Plaintiff's motion and enter default judgment accordingly.

### DAMAGES

As noted above, a movant for default judgment must establish all damages sought. *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). Plaintiff's motion asserts statutory damages in the amount of $1,099,678.63, consisting of $316,000.00 in the principal amount of her investments, plus $783,678.63 in interest at a rate of 10%, pursuant to A.R.S. §§ 44-2001(A) and 44-1201. Section 44-2001(A) provides "a sale of any securities to any purchaser" in violation of Arizona securities fraud law is "voidable at the election of the purchaser," and the purchaser may recover "the consideration paid for the securities, with interest, taxable court costs and reasonable attorney fees less the amount of any income received by dividend or otherwise from ownership of the securities, on tender of the securities purchased or the contract made." Section 44-1201 provides for a pre-judgment interest rate of 10%.

Plaintiff provides the table below detailing the consideration paid for each security, including the date purchased, and the interest calculation at the statutory rate of 10%. Plaintiff also provides sufficient evidence supporting those transactions in the form of checks issued from her name to the various companies in the corresponding amounts set forth below. (Mot. at Exs. A-E).

| **Investment** | **Date** | **Years Since Transaction** | **Amount** | **Principal Plus 10% Interest** |
|---|---|---|---|---|

| | | | | |
|---|---|---|---|---|
| Creative Learning Center (1) | 6/4/2010 | 13 yrs., 11 mos., 24 days (13.99 yrs.) | $50,000 | **$189,694.03** |
| Creative Learning Center (2) | 6/25/2010 | 13 yrs., 11 mos., 5 days (13.94 yrs.) | $50,000 | **$188,792.19** |
| Vanguard | 3/15/11 | 13 yrs., 2 mos., 15 days (13.22 yrs.) | $75,000 | **$264,406.76** |
| Spectrum (1) | 6/30/11 | 12 yrs., 11 mos., 0 days (12.93 yrs.) | $30,000 | **$102,879.46** |
| Rockdale (fka SGL Capital Partners) | 2/2/12 | 12 yrs., 3 mos., 28 days (12.33 yrs.) | $40,000 | **$129,548.32** |
| Spectrum (2) | 3/21/12 | 12 yrs., 2 mos., 9 days (12.2 yrs.) | $50,000 | **$159,941.35** |
| Rockdale | 8/28/12 | 11 yrs., 9 mos., 2 days (11.76 yrs.) | $21,000 | **$64,416.52** |
| **TOTAL** | | | **$316,000** | **$1,099,678.63** |

Defendants have failed to challenge the present value of the securities or otherwise dispute Plaintiff's present ownership of these securities. Thus, the Court will take Plaintiff's allegations of entitlement to the full purchase value of each security (plus interest) as true and award Plaintiff damages in the amount of $1,099,678.63.

Plaintiff also seeks attorneys' fees and costs in the amount of $211,413.05. However, Plaintiff's request does not comply with Local Rule of Civil Procedure 54.2. The Court will consider granting a fee award upon Plaintiff's filing of a fee motion strictly adhering to Local Rule 54.2. If Plaintiff decides to file a separate motion for fees, she is advised the fee ledgers submitted in Exhibits F and G of this Motion are insufficient to comply with the requirements of Local Rule 54.2(e). Additionally, the Court expects a full briefing on why Plaintiff believes she is entitled to recover the $142,853.72 incurred during her litigation against Newman.

Accordingly,

**IT IS ORDERED** Plaintiff's motion for default judgment (Doc. 22) is **GRANTED**

1  **IN PART** and **DENIED IN PART**.  The Clerk of Court is directed to enter judgment in
2  favor of Plaintiff and against Defendants in the amount of $1,099,678.63 in damages.  This
3  amount shall be subject to post-judgment interest at the applicable federal rate pursuant to
4  28 U.S.C. § 1961(a).

5      **IT IS FURTHER ORDERED** Plaintiff may file a separate motion for reasonable
6  attorneys' fees and costs in accordance with Local Rule of Civil Procedure 54.2 within 14
7  days of the entry of judgment.

8      **IT IS FURTHER ORDERED** the Clerk of Court shall close this case.

9      Dated this 8th day of October, 2024.

_____
Honorable Roslyn O. Silver
Senior United States District Judge