**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karla Kretsch, et al.,<br><br>        Plaintiffs,<br><br>v.<br><br>John Barton, et al.,<br><br>        Defendants. | No. CV-23-00411-PHX-ROS<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Attorneys' Fees and Costs ("Motion") (Doc. 25, "Mot.") seeking **$204,940.80** in fees and costs. For the reasons that follow, the Court will grant Plaintiff's Motion and award fees and costs in the full amount.

## BACKGROUND

Plaintiff initially filed suit against Defendants in the Maricopa County Superior Court, but it was later removed to federal court. (Doc. 1). The parties stipulated to the filing of Plaintiff's Second Amended Complaint ("SAC"). (Doc. 9). The SAC was successfully challenged by Defendants and dismissed with leave to amend. (Doc. 15). Thereafter, Plaintiff filed her Third Amended Complaint ("TAC") asserting claims for Arizona securities fraud, negligent misrepresentation, control person liability, constructive fraud, civil conspiracy, fraud, and aiding and abetting tortious conduct. (Doc. 16).

After the TAC was served, counsel of record for Defendants withdrew from their representation. (Doc. 17). Defendants did not respond by the Court's extended deadline, and the clerk entered default against them on May 14, 2024. (Doc. 21). Plaintiff then

moved for default judgment against Defendants, which the Court granted on October 8, 2024. (Doc. 23). Plaintiff now brings this Motion for attorneys' fees and costs.

## ATTORNEYS' FEES

### I. ENTITLEMENT AND ELIGIBILITY TO FEES

Plaintiff requests $60,177.58 in attorneys' fees and costs incurred from this matter under A.R.S. § 44-1991. Plaintiff also requests $144,732.22 in attorneys' fees and costs incurred from the arbitration against Guy Newman, Defendant John Barton's employee and/or agent ("Newman Arbitration"), under the "tort of another" doctrine.

#### A. Arizona Securities Fraud

A.R.S. § 44-2001 provides, "a sale of any securities to any purchaser" in violation of Arizona securities fraud law allows the purchaser to recover "the consideration paid for the securities, with interest, taxable court costs and reasonable attorney fees." Because she prevailed on her securities fraud claim, the Court finds Plaintiff is eligible for, and entitled to, attorneys' fees under the Arizona Securities Act.

#### B. "Tort of Another"

Arizona "follow[s] the general American rule that attorney fees are not recoverable unless they are expressly provided for either by statute or contract." *Kaufmann v. Cruikshank*, 217 P.3d 438, 440 (Ariz. Ct. App. 2009). However, one exception to this rule is the "tort of another" exception. *See United States Fidelity & Guaranty Co. v. Frohmiller*, 227 P.2d 1007, 1008 (Ariz. 1951). The *Fromhiller* Court noted that where a defendant's malfeasance has "involved the plaintiff in litigation with others … as makes it necessary to incur expense to protect [her] interest, such costs and expenses, including attorneys' fees, should be treated as the legal consequences of the original wrongful act and may be recovered as damages." *Id.* at 1009; *see also* 22 AM. JUR. 2D DAMAGES § 436 (2003); RESTATEMENT (SECOND) OF TORTS § 914(2) (1979); 45 A.L.R.2d 1183 (1956).

Under Arizona law, a Plaintiff must establish the following five elements to recover fees under the "tort of another" doctrine: (1) Plaintiff became involved in a legal dispute because of Defendant's tortious conduct; (2) the dispute was with a third party; (3) Plaintiff

incurred attorneys' fees in connection with that suit; (4) the expenditure of attorneys' fees was a foreseeable or necessary result of the tortious conduct; and (5) the claimed fees are reasonable. *Collins v. First Fin. Servs., Inc.*, 815 P.2d 411, 413–14 (Ariz. App. Ct. 1991).

Here, Plaintiff has satisfied the elements to recover fees under the "tort of another" doctrine. First, Plaintiff alleges all of Newman's actions were done under the direction of Defendant Barton, and without Defendant Barton's tortious conduct, Plaintiff would not have needed to proceed in the Newman Arbitration. Second and third, the dispute with Newman was clearly "with a third party" that was not Defendant Barton, and Plaintiff incurred fees in connection with that dispute. Fourth, it is foreseeable that a plan in which Defendant Barton utilized a FINRA-regulated individual to perpetuate his fraud would lead to a FINRA arbitration against that individual. The Court finds Plaintiff may recover fees incurred in the Newman Arbitration under the "tort of another doctrine," with the reasonableness of those fees to be analyzed *infra*.

## II. REASONABLENESS OF REQUESTED AWARD

While the Arizona Securities Act provides for an award of attorneys' fees to a successful plaintiff, A.R.S. § 44-2001, "the amount of the award is within the discretion of the court," *Houser v. Matson*, 447 F.2d 860, 863 (9th Cir. 1971). Courts "employ the 'lodestar' method to determine a reasonable attorney's fees award." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016) (citing *Fischer v. SJB–P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000)). Courts calculate the lodestar figure by "multiplying the number of hours reasonably expended on a case by a reasonable hourly rate." *Id.*

After calculating the lodestar figure, a Court may reduce or increase the award based on a variety of factors. Those factors include: (1) the time and labor required, (2) the novelty and difficulty of the legal questions involved, (3) the skill required to perform the legal service properly, (4) other employment precluded due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case,

(11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) ("*Kerr* factors").[1] The lodestar calculation normally subsumes some of these factors such that the Court need not consider them again after determining the lodestar. *See Gonzalez v. City of Maywood*, 729 F.3d 1196, 1209 (9th Cir. 2013) (identifying factors often considered when calculating lodestar).

### A. Hourly Rates

The first question is whether Plaintiff's asserted rate is reasonable. "A reasonable hourly rate is ordinarily the prevailing market rate in the relevant community." *Sw. Fair Hous. Council v. WG Scottsdale LLC*, No. 19-00180, 2022 WL 16715613 at *3 (D. Ariz. Nov. 4, 2022) (citing *Kelly*, 822 F.3d at 1099). And "the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

The asserted hourly rates for Plaintiff's counsel are as follows:

| | Initials | Name | Rate |
|---|---|---|---|
| **Attorneys**: | JAT | Jon A. Titus | $495 |
| | BSS | Bradley S. Shelts | $375 to $500 |
| | DAF | David A. Fitzgerald | $325 to $375 |
| | JPW | Joshua P. Weiss | $235 to $335 |
| | NBA | Nathan B. Anderson | $250 |
| | JLC | Jennifer L. Carstens | $230 |
| **Paralegals**: | SH | Sarah Haddix | $175 to $195 |
| | SGS | Shiela Sawyer | $175 to $265 |
| | CDH | Casey Delisa-Hughes | $275 |
| | KCR | Karla C. Roberts | $87.50 |

According to the declaration of Joshua P. Weiss, Plaintiff's counsel—attorneys and

---

[1] LRCiv. 54.2 also lists factors the Court must address when determining the reasonableness of the requested award. These factors are largely duplicative of the *Kerr* factors.

- 4 -

paralegals at Titus Brueckner & Levine PLC—have civil litigation experience ranging from five years for associates to over 35 years for partners. (Doc. 25, Ex. B). Jon Titus, the lead counsel on this case, is an experienced securities attorney in Arizona. (*Id.* at ¶ 5). The hourly rates of attorneys range from $230 to $500 depending on the attorney's level of experience. (*Id.* at ¶ 13). The hourly rates of paralegals range from $87.50 to $265 also dependent on experience. (*Id.*). These hourly rates, according to Mr. Weiss, "represent productive lawyer and paralegal hours … [and] are reasonable." (*Id.* at ¶ 14). Plaintiff cites to *World Nutrition Inc. v. Advanced Supplementary Techs. Corp.*, 2022 WL 21112266, at *4-5 (D. Ariz. June 10, 2022) to support the reasonableness of counsel's fees. (Mot. at 6). In *Word Nutrition*, the Court held a $875 hourly rate for a partner with over 20 years of experience and a $635 hourly rate for an associate with nine years of experience were reasonable for the Phoenix area. 2022 WL 21112266, at *4-5. Here, the requested rates by Plaintiff's counsel are significantly lower and are thus reasonable.

### B. Hours Expended

Under the lodestar method, the prevailing party is generally entitled to recover fees for "every item of service which, at the time rendered, would have been undertaken by a reasonable and prudent lawyer to advance or protect his client's interest." *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 486 (D. Ariz. 2019) (quoting *Twin City Sportservice v. Charles O. Finley & Co.*, 676 F.2d 1291, 1313 (9th Cir. 1982)). Courts may "exclude from this initial fee calculation hours that were not reasonably expended." *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983) (internal quotations omitted); s*ee also McKown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) ("In determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours that are excessive, redundant, or otherwise unnecessary.").

Plaintiff contends this case is not a run-of-the-mill matter resulting in a default judgment. The Court agrees. The cases against both Newman and Defendant Barton required in-depth briefing on issues related to the statute of limitations and defending multiple motions to dismiss against well-seasoned opposing counsel. Plaintiff contends

1  this case resulted in default only *after* significant briefing by both parties, and different
2  tribunals have decided the issues in this case in multiple different ways. The Court agrees.
3  What is more, the Newman Arbitration case was itself complex, began five years ago, and
4  involved a two-day arbitration proceeding that ended favorably for Plaintiff.

5  Because of the unique nature of this case, Plaintiff distinguishes it from other cases
6  resulting in defaults or trials. (Mot. at 7-9). For example, in *Outland v. Arizona Movers*
7  *and Shakers*, 2019 WL 2269423, at *1 (D. Ariz. May 28, 2019), the court awarded almost
8  $13,000 in attorneys' fees in a matter involving default because the complexity of the
9  matter was minimal due to the defendant's refusal to defend it. Here, Defendants
10 participated in the case and the parties engaged in substantive briefing before Defendants
11 eventually abandoned the case. Plaintiff also cites to *Pozez v. Ethanol Capital Mgmt., LLC*,
12 2013 WL 12095669, at *8 (D. Ariz. July 15, 2013) wherein the court awarded over
13 $300,000 in attorneys' fees following a two-day trial and the litigation of numerous
14 motions, including two motions for summary judgment. While this matter does not rise to
15 the level of *Pozez*, the time spent on this case together with the Newman Arbitration is
16 reasonable. The remaining *Kerr* factors do not warrant adjustment of the lodestar figure.
17 Thus, the Court will award attorneys' fees in the amount of **$199,646.81**.

## COSTS

19 In addition to attorneys' fees, Plaintiff requests $5,293.99 in out-of-pocket costs
20 from this matter ($2,732.08) and the Newman Arbitration ($2,561.91) (Doc. 25, Ex. A
21 at 3). Reasonable out-of-pocket expenses are awardable as "costs of the action" under the
22 FLSA. *See Van Dyke v. BTS Container Serv., Inc.*, 2009 WL 2997105, at *2 (D. Or. Sept.
23 15, 2009). The Court finds Plaintiff's requested out-of-pocket costs—consisting of filing
24 fees, service of process costs, postage costs, and legal research expenses—reasonable and
25 will award Plaintiff **$5,293.99** in costs.

26 ///
27 ///
28 ///

Accordingly,

**IT IS ORDERED** Plaintiff's Motion for an Award of Attorneys' Fees and Costs (Doc. 25) is **GRANTED**. The Court awards Plaintiff **$204,940.80** in attorneys' fees and costs.

Dated this 27th day of December, 2024.

Honorable Roslyn O. Silver
Senior United States District Judge